UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MAYUME S.L.,
[A# 241-395-264]

          Petitioner,

   v.

WARDEN,

          Respondent.

No. 1:26-cv-02024-TLN-CSK

**ORDER**

This matter is before the Court on Petitioner Mayume S.L.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  On March 17, 2026, the Court ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner.  (*Id.*)  Respondents did not file a response, and as such, the Court considers Petition's Petition for Writ of Habeas Corpus unopposed.  *See* L.R. 230(c).  For the reasons set forth below, Petitioner's habeas petition is GRANTED.  (ECF No. 1.)

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a noncitizen who entered the United States at an unknown place and an

---

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only her first name and last initials, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

unknown time.  (ECF No. 1 at 5.)  Petitioner has a pending asylum application and no criminal history.  (*Id.* at 5–6.)  On February 5, 2026, Petitioner was detained during a routine check in with Immigration and Customs Enforcement.  (*Id.*)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989);

*Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A.    Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a protected liberty interest in her continued freedom. Courts throughout the Ninth Circuit, including this one, have repeatedly found such in situations similar to Petitioner's.  *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).  Respondents put forth no arguments or facts justifying a different conclusion in this case.  Accordingly, Petitioner has a clear interest in her continued liberty protected by the Due Process Clause.

### B.    Process Required

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).  The *Mathews* factors support requiring Petitioner receive notice and a hearing before a neutral decisionmaker prior to re-detention.

First, as explained above, Petitioner has a substantial private interest in her own liberty

that is unquestionably affected by the Government's actions detaining her.  The amount of time Petitioner spent at liberty underscores the gravity of its loss.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty.")

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable.  "Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community."  *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025).  As Petitioner has received virtually no procedural safeguards such as a bond or custody redetermination hearing, the risk that he is being detained without justification is high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the Government's interest in detaining Petitioner without notice and a hearing is negligible.  Custody hearings in immigration court are "routine and impose a 'minimal' cost."  *R.D.T.M.*, 2025 WL 2686866 at *6.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to her detention.  She received neither.  Respondents therefore violated Petitioner's due process rights.

**IV.**   **CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1.      Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.      Respondents must file a notice certifying compliance with the Court's Mach 23, 2026 Order by April 3, 2026.

3.      Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence

4

that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 31, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE